Dear Mr. Roche:
In response to your inquiry of recent date, it is the opinion of this office that the Sheriffs' Pension and Relief fund must be domiciled in the City of Baton Rouge, by the clear mandate of LSA-R.S. 11:2171, providing:
 § 2171. Creation of sheriff's pension and relief fund; board of trustees a public corporation; domicile
 There is created a sheriffs' pension and relief fund for each parish, and for the civil and criminal sheriffs for the parish of Orleans, and for their deputies. A public corporation is created, to be known as "the Board of Trustees of the Sheriffs' Pension and Relief Fund," for the sheriffs and deputies throughout the state, and the civil and criminal sheriffs for the parish of Orleans, and their deputies. The corporation shall be domiciled in the city of Baton Rouge, Louisiana, where all suits against it must be instituted, and shall be vested with the power to administer the fund, to sue and be sued, to buy and sell securities for investments of the surplus monies of the funds, and to allot disability payments and pensions as hereinafter set forth. (Emphasis added).
In C.J.S., the following is noted regarding "domicile":
 Corporations have no domicile, residence, or citizenship in the sense in which those words apply to natural persons, but only in a metaphorical sense. . . . . In the absence of statute, a corporation can have but one domicile.
* * * * *
 The general rule, sometimes expressly declared by statute, is that a corporation's domicile or residence, within the state of its creation, is in the county and city, town, or district in which its located, as designated in its charter or certificate of incorporation, although it may also have offices or places of business elsewhere. [Footnotes omitted] [C.J.S., Corporations, § 176, pp. 583-584].
Use of the word "shall" in the emphasized portion of LSA-R.S.11:2171 cited above is mandatory. LSA-R.S. 1:3. From the information you have provided, we determine that the Fund corporation is in violation of the law, as it currently has its principal place of business in Monroe, Louisiana. It is suggested that while an office may legally be maintained in Monroe, the principal place of business should be moved to Baton Rouge, to cure the current noncompliance with the statute.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released: August 8, 1996
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL